Filed 5/17/23  P. v. Rodriguez CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  The opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G061945 |
| v. | (Super. Ct. No. C-79568) |
| ANGEL HERNANDEZ RODRIGUEZ, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from an order of the Superior Court of Orange County, Gary S. Paer, Judge.  Affirmed.

Mark D. Johnson, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\*          \*          \*

After Angel H. Rodriguez was convicted of second-degree murder, he filed a petition for resentencing pursuant to Penal Code section 1170.95 (section 1170.95). The trial court denied the order, after finding Rodriguez failed to make a prima facie case for relief because the record of conviction showed he was the actual killer.

Rodriguez appealed, and his appointed counsel filed a brief under the procedures outlined in *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738 (*Anders*). Subsequently, this court sent a letter advising Rodriguez he had 30 days to file any supplemental brief deemed necessary, or the matter may be dismissed as abandoned. He did not file a supplemental brief. Although Rodriguez did not file a supplemental brief, we exercise our discretion to conduct an independent review of the record and appointed counsel's *Wende/Anders* brief. (*People v. Delgadillo* (2022) 14 Cal.5th 216, 232 (*Delgadillo*).) As discussed below, we find no reasonably arguable issues on appeal, and the issue suggested by counsel has no merit. We therefore affirm.

I

FACTS AND PROCEDURAL HISTORY

In 1991, a jury convicted Rodriguez of second-degree murder, and found true a deadly weapon enhancement. The trial court found true three prior strikes under the Three Strikes Law. Rodriguez was sentenced to 27 years to life. This court affirmed the judgment in an unpublished opinion. (*People v. Rodriguez* (1992) G011479 [unpub. opn.].)

On November 15, 2021, appellant filed a petition for resentencing pursuant to section 1170.95. On November 24, 2021, the trial court appointed counsel for appellant. On January 5, 2022, the district attorney filed an opposition, attaching portions of the record from the direct appeal, including the jury instructions and the jury verdicts.

2

Following a hearing on the resentencing petition on October 19, 2022, the trial court denied the petition. It explained:

"There has been no showing of a *prima facie* case that petitioner was convicted under any now-void legal theory of murder as described in section 1170.95 of the Penal Code, now section 1172.6 of the Penal Code.

"The jury was instructed on one theory of guilt-that of an actual perpetrator/killer. The defendant was charged with one count of murder and the jury convicted him of Murder in the Second Degree. The instructions given to the jury required that the People prove that the defendant acted with the specific intent to kill. Additionally, the jury was instructed on the elements of murder. The jury also found a weapon enhancement to be true and that the defendant personally used a knife during the commission of the murder. The only theory of liability used to convict is still viable under the present definition of Murder.

"Additionally, the jury was never instructed on the natural and probable consequences theory. This was not a felony-murder case either. Defendant acted alone and there was no reference to any other perpetrator in the case.

"Actual killers are not entitled to relief for obvious reasons. Defendant is ineligible as a matter of law. The petition is denied."

II

DISCUSSION

Following *Wende* guidelines, we have reviewed counsel's brief and the appellate record. To assist the court in its review, counsel identified one issue for our consideration: Whether the trial court abused its discretion when it denied appellant's petition for resentencing.

Our independent review of the entire record, including the matter identified by counsel, does not show the existence of an arguable issue. (*Wende*, *supra*, 25 Cal.3d at pp. 442-443.) The trial court properly denied the petition because the trial evidence,

the jury instructions given, and the verdicts returned conclusively establish the jury convicted Rodriguez of murder based on a finding that he was the actual killer. (See *People v. Harden* (2022) 81 Cal.App.5th 45, 59 [trial court properly denied resentencing petition at prima facie stage where "record of conviction conclusively establishes, with no factfinding, weighing of evidence, or credibility determinations, that [petitioner] was the actual killer."]; see also *Delgadillo*, *supra*, 14 Cal.5th at p. 233 [defendant "not entitled to any relief under section 1172.6" because he "was the actual killer and the only participant in the killing"].) Consequently, we affirm the order denying the petition for resentencing. (*Wende*, *supra*, 25 Cal.3d at p. 443.)

## III

### DISPOSITION

The order denying Rodriguez's petition for resentencing is affirmed.


DELANEY, J.

WE CONCUR:


GOETHALS, ACTING P.J.


SANCHEZ, J.

4